## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES ISAAC SOUTH, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. CIV-22-268-G |
| | ) |
| STEVEN HARPE, | ) |
| | ) |
| **Respondent.**[1] | ) |

## <u>ORDER</u>

Petitioner James Isaac South, a state prisoner appearing pro se, initiated this action on March 30, 2022, seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. Now at issue is Judge Mitchell's Report and Recommendation ("R. & R.," Doc. No. 9). On September 8, 2022, Petitioner filed a timely Objection to the R. & R. (Doc. No. 12).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.    *The Report and Recommendation*

Petitioner seeks habeas relief under 28 U.S.C. § 2254 from his state-court criminal

---

[1] The current director of the Oklahoma Department of Corrections is hereby substituted as Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

conviction and sentence, arguing that pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma did not have subject-matter jurisdiction to prosecute him. *See* Pet. (Doc. No. 1) at 2-6.  Relatedly, Petitioner argues that he "received ineffective assistance of counsel" due to his attorney's failure to challenge the state's jurisdiction over his criminal prosecution.  *See id.* at 7-8; *Strickland v. Washington*, 466 U.S. 668 (1984).

As noted by Judge Mitchell, a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  This limitations period generally runs from the date on which the state-court judgment became "final" under § 2244(d)(1)(A).  *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On September 17, 2013, Petitioner entered a plea of guilty to one count of first-degree murder, one count of first-degree robbery, one count of burglary, and one count of conspiracy to commit burglary in the District Court of Pottawatomie County, Oklahoma. Pet. (Doc. No. 1) at 1; *see also State v. South*, No. CF-2012-777A (Pottawatomie Cnty. Dist. Ct.).[2]  Petitioner was sentenced to four concurrent prison terms on October 23, 2013. *South*, No. CF-2012-777A.[3]

---

[2] The state-court docket is publicly available at https://www.oscn.net (last visited Mar. 31, 2023).

[3] The R. & R. found that Petitioner was convicted and sentenced on November 7, 2013. *See* R. & R. at 9-10.  This finding was based on the date that Petitioner's judgment and sentence was filed by the court clerk, however, rather than the date that the judgment and sentence were pronounced by the state court.  *See South*, No. CF-2012-777A.  The discrepancy does not materially affect the analysis or recommendations of the R. & R. and is noted only for purposes of clarification.

On November 2, 2020, Petitioner filed an application for state postconviction relief, which the state district court denied. *See id.* Upon Petitioner's appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial on October 15, 2021. *See South v. State of Oklahoma*, No. PC-2021-593 (Okla. Crim. App.).

Because Petitioner did not move to withdraw his guilty plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence, his conviction became final for purposes of habeas review on or about November 2, 2013. *See* OCCA R. 1.5, 4.2(A); Okla. Stat. tit. 12, § 2006(A)(1); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). Consequently, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day and absent any tolling expired on or about November 3, 2014. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

Judge Mitchell therefore concluded that this habeas action was untimely filed under 28 U.S.C. § 2244(d)(1). *See* R. & R. at 4-10. The R. & R. further determined that neither statutory nor equitable tolling applied, and so the claims raised in the Petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See id.* at 10-11; *see also Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

## II.     *Petitioner's Objection*

Liberally construed, Petitioner objects that his habeas action was timely filed because the statute of limitations should be calculated pursuant to § 2244(d)(1)(D) rather than § 2244(d)(1)(A). *See* Pet'r's Obj. (Doc. No. 12) at 2. Section 2244(d)(1)(D) prescribes that the statute of limitations to file an application for a writ of habeas corpus

3

begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner argues § 2244(d)(1)'s limitations period did not begin to run until sometime in mid-October 2020 because that was when Petitioner obtained a "federal map" from the "B.L.M." showing the boundaries of the Citizen Pottawatomie Nation Reservation.  *See* Pet'r's Obj. at 1-2. Petitioner contends that the statute of limitations was then statutorily tolled during the pendency of Petitioner's postconviction efforts.  *See id.* at 2; 28 U.S.C. § 2244(d)(2).

"The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence."  *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) (emphasis omitted).  The factual bases of Petitioner's claims are that he is a tribal member and that the crimes occurred on the Citizen Pottawatomie Nation Reservation.  *See* Pet. at 13-14.  Petitioner claims that before he obtained the map he "knew nothing of jurisdiction and whether or not his crime happened in 'Indian Country.'"  Pet'r's Obj. at 1.

Petitioner's argument is unavailing for two reasons.  First, as noted by Judge Mitchell, Petitioner could have discovered his status as a tribal member and the location of his crime in the exercise of due diligence.  *See* R. & R. at 7; *cf. Seals v. Smith*, No. CIV-19-1069-D, 2020 WL 6038760, at *4 (W.D. Okla. June 4, 2020) (R. & R.) ("Petitioner, however, knew the factual predicate for his jurisdictional claim – i.e., the location of his crimes and his status as a tribal member – when he entered his plea." (internal quotation marks omitted)), *adopted*, 2020 WL 3605027 (W.D. Okla. July 2, 2020).  Second,

Petitioner's discovery of the map allegedly showing the boundaries of the Citizen Pottawatomie Nation Reservation did not constitute a new factual discovery but, rather, alerted Petitioner to the potential legal significance of the location of his crime. The discovery of the legal significance or potential legal significance of a fact does not trigger a new start date for the statute of limitations under § 2244(d)(1)(D). *See, e.g.*, *Seals*, 2020 WL 6038760, at *4 ("[E]ven if he did not understand the legal significance of those facts until he learned of the *Murphy* decision, Petitioner cannot rely on § 2244(d)(1)(D) to alter the start date here." (internal quotation marks omitted)); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *5 (W.D. Okla. Sept. 15, 2021) (R. & R.) ("[E]ven if the *McGirt* decision alerted Petitioner to the legal significance of his tribal membership and the location of the crimes, it does not trigger a new start date under § 2244(d)(1)(D)."), *adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021).

For these reasons, § 2244(d)(1)(D) does not apply in the instant case. Petitioner's habeas action is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

### III.    *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 9) is ADOPTED as modified herein, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely. Petitioner's pending motion (Doc. No. 3) is DENIED AS MOOT.

It is further ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2023.

CHARLES B. GOODWIN
United States District Judge